**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                 **Case No. 8:17-cr-283-T-24JSS**

**BRANDON CLINT RUSSELL,**

    **Defendant.**
_____/

**O R D E R**

The Defendant is before the Court on an arraignment and bail/detention hearing. He stands indicted for possessing an unregistered firearm, a destructive device contrary to 26 U.S.C. §§ 5861(d) and 5871, and for the unlawful storage of explosive materials at his residence contrary to federal regulations 18 U.S.C. §§ 842(j), 844(b). The government seeks Defendant's detention on grounds that he is both a risk of flight and a danger to the community. In support, it proffers its belief that Defendant, a purported leader of a Neo-Nazi group,[1] is a threat to use explosive devices which he is capable of making. It urges the evidence of Defendant's guilt is strong because he admitted the explosive materials found at his home were collected, and in the case of HMTD, manufactured by him. It asserts that together, the components found could be used to make a bomb. While it cannot claim that Defendant has used the material to harm anyone, it urges that such could be used in that fashion and a roommate suggested that was the intended

---

[1] Defendant does not dispute this. While the government suggests he is active on social media cites, it does not proffer particulars from its review of the cites to support either the claim of risk of flight or danger to the community.

purpose of the material.[2] As for risk of flight, the government proffers that subsequent to being interviewed by the police and before his arrest, Defendant traveled to Homestead, Florida, rather than to his father's residence as he had advised the police he would do. In Homestead, he connected with another individual. In the process, he proceeded to a gun shop where and purchased two hunting rifles and hundreds of rounds of ammunition.

Defendant seeks release on conditions. He proffers he has significant family ties to this district with his grandmother owning property in Orlando and the Southern District where his father is a deputy sheriff. He is a member of the Florida National Guard. He urges that he has been fully cooperative with the police; he has no prior arrests or criminal history; and he represents no real threat to harm others. His grandmother is willing to post her house in Orlando to secure his release and both his mother and grandmother agree to act as a third-party custodian. He is further amenable to any conditions imposed by the Court.

Neither the felony nor the misdemeanor charge upon which Defendant stands indicted raise statutory presumptions under the bail statute. Moreover, the provisions of 18 U.S.C. § 3142(f)(2) prescribe that "[T]he facts the Judicial Officer uses to support a finding pursuant to subsection [§ 3142(e)] that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." Upon thorough consideration of the proffered evidence, I am unable to conclude there is clear and convincing evidence that Defendant represents a threat to any other person and the community should he be released. There is no evidence of the prior use of the substances found

---

[2]The roommate gave this statement after killing two of his roommates, a crime in which the government concedes, Defendant had no part.

in his garage or any clear evidence that the substance would be used.  His purchase of two rifles and ammunition so soon after speaking with the police is concerning information but insufficient to establish clear and convincing evidence as called for by the statute.  Moreover, there is no real demonstration that Defendant is a risk of flight when adequate conditions of release are imposed.  Accordingly, Defendant's Motion to Set Bond (Doc. 8) is **GRANTED**.  Conditions of release will be set by separate Order.

**Done and Ordered** in Tampa, Florida this 9th day of June 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE